13:32
SAVANNAH, GA
912 236 8081     P.02

SNID ILLY 2572C

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☐ **State Court of** _____ **County**

FILED IN OFFICE

2018 OCT -9 AM 11 2

Clerk of Superior Court
Chatham County GA

**Clerk Use Only**

Date Filed __10|9|2018__
MM-DD-YYYY

Case Number __SPCV18-01063ABE__

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| ~~Alden~~ | Rudolph | H. | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Mackie | Timothy | | | |
| Stokes | Tommie | | | |
| Seymore | Willie | | | |
| Daggett | Harold | | | |

**Plaintiff's Attorney** _____     **Bar Number** _____     **Self-Represented** ☑

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☑ Contract
- ☑ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.18

ENTERED DJG     OCT 0 9 2018

## IN THE SUPERIOR COURT OF CHATHAM COUNTY

Henry Allen Authorized Representative for
RUDOLPH HENRY ALLEN
1115 E. 41st St.
Savannah GA 31404
Plaintiff,
vs.
ILA Local 1414 President Timothy Mackie,
Former Presidents Willie Seymour, Benny Bryant, and Tommie Stokes
Defendants

SPCV18-01053
AB

RECEIVED FOR RECORD

2018 OCT -9 AM II: 13

*Tammie Mosley*

TAMMIE MOSLEY-CLERK
SUPERIOR COURT C.C. GA

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

I, Henry Allen, the Claimant Affiant in the instant matter, am reporting, by AFFIDAVIT, to this Court and the United States Attorney, believed to be the competent authorities to which knowledge of criminal actions should be reported. This Affidavit is filed pursuant to 18 United States Code Section 4 (18 USC 4), the FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 3. Title 18 (18 USC) Section 4 states:

"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both."

Federal Rules of Criminal Procedure Rule 3 states:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a magistrate."

The Respondents were previously noticed and warned by the Affiant's "COMMERCIAL AFFIDAVIT, NOTICE OF NON-JUDICIAL PROCEEDINGS, NOTICE AND WARNING OF COMMERCIAL GRACE" (see Exhibit A) AFFIDAVIT OF FACT NOTICE OF FAULT OPPORTUNITY TO CURE FINAL NOTICE served via USPS PRIORITY OVERNIGHT MAIL #EL 005887888 US on 02/07/2018 and COMMERCIAL AFFIDAVIT served via USPS PRIORITY OVERNIGHT MAIL #EL 005888089 US on 02/28/2018, to which the Respondents at that time ILA Local 1414 President Timothy Mackie and ILA International President Harold Daggett did not answer/rebut, or answered without addressing the demands made, (see Exhibit B). In said COMMERCIAL AFFIDAVIT/NOTICE AND WARNING, the eternal principles of Commercial Law, the underpinnings of all human law and civilization, were clearly and simply set forth and explained (clarification of contractual terms). The above referenced Respondent parties failed to avail themselves of the remedies and recourse under Commercial Law to resolve the dispute(s) with this Claimant Affiant in a civil, peaceful and honorable manner.

---

ENTERED DJG    OCT 0 9 2018

All of the Affidavits, Notices, and filings, of this Claimant/Affiant have been issued as the truth, the whole truth, and nothing but the truth, to the best of my experience, knowledge and belief. The Affidavits I have issued were sworn to as TRUE, CORRECT, and COMPLETE. Said Affidavits have never been formally rebutted by affidavits sworn to as TRUE, CORRECT, and COMPLETE by the respective Respondent Parties.

By failing to respond to the Complainant Affiant, the Respondents are in contractual default. The Respondents have admitted to and acquiesced to the violations which the Complainant Affiant complained about and sought to protect Himself from further abuses. They are continuing on with the wrongful actions against this Claimant, the accused Respondents are acting with FULL knowledge and willful criminal assaults against the Claimant with FULL knowledge and willful breach of contract.

I, Henry Allen, the Claimant/Affiant in the instant matter, herein openly declare and depose that the above named Respondents did knowingly and willfully act and conspire to oppress, injure, and damage this Claimant/Affiant as herein below set forth, and by evidences set forth in the attached COMMERCIAL AFFIDAVIT sent to the Respondents/Defendants to resolve the disputed issues outside this forum (a consensual mutually entered into voluntary contract by and between Affiant and accused).

Respondents have yet to make a lawful rebuttal of the allegations, have introduced no evidence of their claims and have dishonored (Claimants) notices ie. (affidavit of facts, Notices, defaults, attachments and documentary evidence). Respondents have yet to reveal one single shred of evidence showing proof of a "Different Craft and Seniority, as it pertains to (1980, 1982 L Card seniority) for ILA Local 1414 in the Port of Savannah Georgia. And yet, having been shown the facts not only by Lawful Presentment, but by ILA Pension and Welfare records, ILA Master Contract, ILA Handbook, ILA Code of Ethics,"etc. ILA Local 1414 Executive Staff (Timothy Mackie ILA Local 1414 current President and Former Presidents Tommy Stokes, Willie Seymore, and ILA International President Harold Daggett) can no longer make an invalidated claim of a (Different Craft/Seniority) for Maintenance and Repair without proving the characteristics of this different craft and seniority;

1) Had an address in the Port of Savannah before/during the Contract Year 1982,

2) Has/had an Executive Staff (President, Vice President, Seniority Board Members etc. before/during the Contract Year 1982,

3) Had/has a Local operating number/Charter etc. ILA Local 2046 is of no significance in this case. Local 2046 did not receive It's Charter in Maintenance/Repair until 1986 and did not operate in the Port of Savannah at the time Claimant earned his L Card seniority (1980-1982),

4) Has Hiring Documents connecting (Claimant) to the (different) Organization, Ex. An Employment application from an ILA Local (other than Local 1414), an ILA work Car number that is different from the ILA card number that is held today by Claimant OR an employment application/document from a non-CBA shipping company completed by (Claimant) showing him as a full time Company Employee and NOT covered by the ILA as a Longshoremen. (Claimant received his ILA work card and card number in 1982 from ILA Local 1414, which until this very day remains the same and has never changed).

Claimant makes application to the Court for Permanent Injunction and for issuance of an order to show cause requiring Respondent(s) ILA Local 1414 President Timothy Mackie (as well as any other Local 1414 Executives ) regarding affiant's original (L) card seniority (1982), and that only upon (Proof of a Valid Claim) that Maintenance and Repair for (1980-1982) was a (different craft and seniority) existing (outside of ILA Local 1414).

In accordance with: **O.C.G.A. 9-11-65 (2010)**

**9-11-65. Injunctions and restraining orders**

**(a) Interlocutory injunction.**

**(1) Notice. No interlocutory injunction shall be issued without notice to the adverse party**      .

Claimant has given Lawful Notice, and has even offered to settle with Respondents and has been met with no response (dishonor). So in light of the obvious Malicious Intent to cause (Claimant) economic harm on behalf of ILA Local 1414 former Presidents Willie Seymour, Benny Bryant, Tommie Stokes and current 1414 President Timothy Mackie, Complainant requests the Court grant the (Claimant) a Permanent Injunction seeking relief/recourse for Damages caused by Lost Wages, Pain and Suffering/Mental Anguish, as well as access to the (L) Card Seniority that has been wrongly denied for 28 years.

Signed By: _Rudolph H Allen_ L/S

Date: _10 - 9 - 18_

## ACKNOWLEDGEMENT

County of Chatham

Georgia (state Republic)

SUBSCRIBED AND SWORN before me this _9th_ day of _October_ , A.H. 20_18_ , a Notary, that _Rudolph Allen_ , personally appeared and known to me to be the man whose name is subscribed to this instrument and I Acknowledge him to be the same.

_[signature]_   • Notary Seal;

My Commission Expires _September 9, 2022_

DANCEYAH GARVIN
NOTARY
MY COMM.
EXPIRES
Sept. 9, 2022
PUBLIC
CHATHAM COUNTY, GEORGIA

## AFFIDAVIT OF NON-RESPONSE

STATE OF Georgia
COUNTY OF Chatham

KNOW ALL MEN BY THESE PRESENTS, that on this day, before me, a Notary Public, personally came by way of Special appearance Rudolph Henry Allen, as Affiant, who after being first duly sworn, upon oath stated:

1. My name is Rudolph Henry Allen . I am over the age of eighteen years. I have personal knowledge of the facts stated below.

2. As of Monday October 8, 2018, I have not received any written response to the documents;

Notice of Fault Opportunity to Cure served via **Priority Overnight Mail # EL005887843 US/EL 005887888 US mailed on 02/07/2018 and Commercial Affidavit U.S. Tracer Flag served via Overnight Mail # EL 005888089 US on 02/28/2018** to the person(s) named below:

Timothy Mackie ILA Local 1414 President and ILA International President Harold Daggett respectively.
The documents delivery dates were:

1) **Notice of Fault/Opportunity to Cure Overnight Mail # EL 005887843 US** delivered on 02/07/2018 at 10:35 am to Front Desk Reception at 221 N. Lathorpe Ave. Savannah GA 31415 signed for by M. Diggs,

2) **Notice of Fault Opportunity to Cure via Overnight Mail # EL005887888 US** to 5000 N. Bergen N.J. 07047 signed for by B. McNamara on 02/08/2018 at 12:45 pm.)

3) **Commercial Affidavit U.S. SEC Tracer Flag via Overnight Mail #EL 005888089 US** delivered to 221 N. Lathorpe Ave. Savannah GA 31415 on 02/28/2018 at 10:52 am signed for by A Diggs.

4) **Commercial Affidavit U.S. SEC Tracer Flag (copy) via Overnight Mail # EL 005888075 US** delivered to 5000 N Bergen NJ 07047.)

Signed By: _Rudolph H Allen_ L/S
Dated: 10/08/2018

Witnessed By Orin Lipsey/ UCC 1-308

# ACKNOWLEDGEMENT

**County of Chatham**

**Georgia (state Republic)**

SUBSCRIBED AND AFFIRMED before me this ___9th___ day of ___October___, A.H. 20 _18_, a Notary, that _Rudolph Allen Orin Lipsey_, personally appeared and known to me to be the man whose name is subscribed to this instrument and I acknowledge him to be the same.

_____ Notary Seal;

My Commission Expires ___September 9, 2022___

**CUSTOMER USE ONLY**

FROM: (please print) PHONE ( )

Rudolph HENRY ALLEN

115 E 41st Street

Savannah GA 31404

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No.
Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**

SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)
☐ 10:30 AM Delivery Required (additional fee, where available)
*Refer to USPS.com® or local Post Office™ for availability.*

TO: (PLEASE PRINT) PHONE ( )

H.A Local 1414 President

ATTN: Timothy Mackey

121 N. Lathorpe Ave

Savannah GA

ZIP + 4® (U.S. ADDRESSES ONLY)

3 1 4 1 5

For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
$100.00 insurance included.

---

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO

PO ZIP Code: 3140
Scheduled Delivery Date (MM/DD/YY): 7-7-18
Postage: $24.70

Date Accepted (MM/DD/YY): 7-6-18
Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☑ 12 NOON
Insurance Fee: $
COD Fee: $

Time Accepted: 6:03 ☑ AM ☐ PM
10:30 AM Delivery Fee: $
Return Receipt Fee: $
Live Animal Transportation Fee: $

Weight: ___ lbs ___ oz ☐ Flat Rate
Sunday/Holiday Premium Fee: $
Total Postage & Fees: $24.70

Acceptance Employee Initials:

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY): Time: ☐ AM ☐ PM  Employee Signature:

Delivery Attempt (MM/DD/YY): Time: ☐ AM ☐ PM  Employee Signature:

LABEL 11-B, JANUARY 2014  PSN 7690-02-000-9996  2-CUSTOMER COPY

---

EL 005887843 US

**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS™**

From: Rudolph Henry Allen
1115 E. 41st Street
Savannah Georgia 31404

To: Timothy Mackey ILA Local 1414 President
221 N Lathrop Ave
Savannah, GA 31415.

## AFFIDAVIT OF FACT
## NOTICE OF FAULT/OPPORTUNITY TO CURE
## FINAL NOTICE

Re: Rudolph Henry Allen's L Card Seniority Placement

THIS NOTICE AND ENCLOSURES ARE A PRIVATE COMMUNICATION BETWEEN THE PARTIES AND CONSTITUTE
DUE PROCESS
NOTICE TO AGENT IS NOTICE TO PRINCIPAL --- NOTICE TO PRINCIPAL IS NOTICE TO AGENT, APPLICABLE TO ALL
SUCCESSORS AND ASSIGNS .

Greetings Mr. Mackey,

Let his presentment serve as (Final Notice) and opportunity to respond to a Lawful Affidavit served (under
Notary Presentment) on Former President Tommy Stokes and current International ILA President Mr. Harold
Daggett in August of 2015. Rudolph Henry Allen (hereinafter "Claimant") has taken more than honorable steps
towards bringing this matter to a quiet conclusion with as little fanfare as possible.

The instant matter in question is the lack of access to L Card Seniority for (Claimant) in spite of the fact that
ILA Pension And Welfare records prove that in CY 1982 (Claimant) earned the 700 hours required by the ILA
Union Handbook as well as the ILA Master Contract/Collective Bargaining Agreement and should have been
allowed participation in L Card Seniority at the end of that contract year.

This Presentment contains a copy of the Notarized complaint from (Claimant) Certified Mail #7015 0640 0000
0689 6365 (Ex#1), as well as the copy of a communication sent to then ILA Local 1414 President Tommie
Stokes from "International" President Harold Daggett (Ex#2) which was forwarded to a host of distinguished
delegates including, but not limited to Mr. Willie Seymour, and (Claimant) advising that there be a Seniority
Board Hearing on the merits of the case.

On September 29, 2015 (Claimant) received a letter via Certified Mail RRR# 70150640000304553670 from the
Law Firm of BIGNAULT &CARTER Attorneys at Law representing the ILA Local 1414 (Ex#3) stating that
Mr. Allen worked for a **different craft under a different seniority system** and not covered within the
jurisdiction of ILA Local 1414. When the ILA Master Contract clearly states:

## ARTICLE IX
## ILA JURISDICTION OVER MAINTENANCE AND REPAIR WORK

**Section 1**
**Maintenance and Repair Work**
It is agreed that the jurisdiction of the ILA shall cover the maintenance and repair of equipment (which term includes
containers and chassis) and such equipment as its members have historically maintained and which is owned,
controlled, operated, or interchanged by USMX members including, but not limited to, (a) container cranes, (b)
container-handling equipment, and (c) container cranes and container-handling equipment which are acquired for
new deep-sea terminal facilities. The ILA's jurisdiction remains in effect at waterfront **container facilities**
**and/or off-pier premises** used for servicing and repairing equipment covered by this Master Contract in
accordance with the Containerization Agreement. Further, all said equipment be it owned, leased, or controlled

by USMX members and/or signatories to the Master Contact, once it is presented at waterfront facilities, shall be covered by this Master Contract. Furthermore, it is recognized that the marine-terminal work of all ILA crafts has been traditionally performed on piers and waterfront facilities. When such marine-terminal work is moved off the marine terminal by the terminal operator or by a 21 signatory carrier to facilities in the port area, the ILA shall retain its work jurisdiction, where the work is the work that would have been performed in the marine terminal or port area.

The "legal" representative for ILA Local 1414 (and) the Georgia Stevedore Association (GSA) BIGNAULT & CARTER also stated in the September 19, 2015 communication (Ex #3) that "based on (claimant's Pension Fund System Printout, it does not appear that you worked at least 700 hours as a longshoremen under the CBA in any year between 1982 and 2009. Therefore, you would not be entitled to any seniority."

In light of the "legal" response of the ILA Local 1414 "legal" representatives BIGNAULT & CARTER, (claimant) is requesting pursuant to **The Privacy Act of 1974, 5 U.S.C. § 552a and The Freedom of Information Act, 5 U.S.C., 552** there be an Internal Forensic Audit of the entire ILA Local 1414 workforce for the CY 1982 for the purposes of reviewing just what companies were and/or were not, party to the Collective Bargaining Agreement for CY 1982. "Claimant" is seeking access to records that will show the companies that *were* party to the Collective Bargaining Agreement in the CY 1982 operating in the Port of Savannah *and* were under the jurisdiction of the International Longshoremen's Association. In 1982 ILA Maintenance and Repair workers in the Port of Savannah were being dispatched from the **ONLY** ILA operating union local in Savannah at that time, **ILA Local 1414**.

## DAMAGES

1982 is the contract year in question. As the ILA Handbook, ILA Code of Ethics and established Labor Law have made clear, involving the Merits of this matter (claimant) has been wrongfully denied the right to participate in L Card Seniority up until this very day. The Z Card I gained 28 years later was obtained after the fact of me being denied L Card Seniority 28 years earlier. The evidence is clear that there was major economic fraud inflicted upon me at the hands of ILA Administration at that time which has caused irreparable damage, pain and suffering/mental anguish. Seniority determines the access to employment of Union and Non-Union members, the higher the seniority the better the chance of employment availability for the worker. Without seniority, the chance of obtaining regular employment is diminished greatly. Being denied rightful Seniority Status by ILA Local 1414 administration is an act of economic Genocide.

In a union-represented workplace, seniority drives the majority of decisions made about employees. These decisions include such areas as employee wages, hours available to work, vacation time, promotions, overtime, preferred jobs, preferred shifts, cross-training opportunities, and other benefits and privileges available to employees.

Therefore the grounds for which damages are being sought in this matter have been stated above, and the calculation is as follows:

**$120,000.00 a year x 30 years = $3,600,000.00 Three Million Six Hundred Thousand Dollars.**

**Container royalties and Vacation Holiday Bonuses averaged by L Card section members from 1982 to 2002.**

Once I have PROOF this letter is received by your Office, you will have 15 days to respond by letter or in person to bring this issue to an amicable conclusion. After that I will seek remedy to the fullest extent of the law.

Sincerely,

Signed by: *Rudolph H Allen*

Dated: 2- 6- 18

**ACKNOWLEDGEMENT**

County of Chatham

Georgia (state Republic)

SUBSCRIBED AND SWORN before me this _6th_ day of _February_, A.H. 20_18_, a Notary, that _Rudolph Henry Allen_, personally appeared and known to me to be the man whose name is subscribe to this instrument and I acknowledge him to be the same.

_____ E. Odom Notary Seal;

DEEDEE E. ODOM
NOTARY PUBLIC - GEORGIA
EFFINGHAM COUNTY
My Commission Expires Dec. 22, 2018

My Commission Expires _____

OCT-12-2018 13:34 I J S A 1414 SAVANNAH GA 912 236 8881 P.12
Case 4:18-cv-00263-RSB-JEG Document 1-1 Filed 11/09/18 Page 11 of 28
USPS.com® - USPS Tracking® Results

Page 1 of 4

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

## Track Another Package +

**Tracking Number:** EL005887888US

Remove ✕

### Scheduled Delivery by

# WEDNESDAY

# 7 FEBRUARY 2018 ⓘ

by
## 12:00pm ⓘ

---

## ⊘ Delivered

February 8, 2018 at 12:45 pm
Delivered, Front Desk/Reception
NORTH BERGEN, NJ 07047

Get Updates ⌄

---

**Text & Email Updates** ⌄

---

**Proof of Delivery** ⌄

---

**Tracking History** ⌃

**February 8, 2018, 12:45 pm**
Delivered, Front Desk/Reception
NORTH BERGEN, NJ 07047
Your item was delivered at 12:45 pm on February 8, 2018 in NORTH BERGEN, NJ 07047. The item was signed for by B MCNAMARA.

**CUSTOMER USE ONLY**

FROM: PLEASE PRINT    PHONE (    )
Henry Allen on behalf of RUDOLPH HENRY ALLEN
115 E. 41st Street
Savannah GA 31404

**PAYMENT BY ACCOUNT** (If applicable)
USPS Corporate Acct. No.    Federal Agency Acct. No. or Postal Service™ Acct. No.

EI 005880089 US

**UNITED STATES POSTAL SERVICE**

**PRIORITY MAIL EXPRESS™**

**DELIVERY OPTIONS (Customer Use Only)**

☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)
☐ 10:30 AM Delivery Required (additional fee, where available)
*Refer to USPS.com® or local Post Office™ for availability.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☑ 1-Day    ☐ 2-Day    ☐ Military    ☐ DPO

PO ZIP Code    31401
Scheduled Delivery Date (MM/DD/YY)    2-28-18
Postage    $ 24.70

Date Accepted (MM/DD/YY)    2-27-18
Scheduled Delivery Time    ☐ 10:30 AM ☑ 3:00 PM ☐ 12 NOON
Insurance Fee    $
COD Fee    $

Time Accepted    2:26 ☑ AM ☐ PM
10:30 AM Delivery Fee    $
Return Receipt Fee    $
Live Animal Transportation Fee $

Weight    5 lbs.    oz.    ☐ Flat Rate
Sunday/Holiday Premium Fee    $
Total Postage & Fees    $ 24.70

Acceptance Employee Initials    BSP

TO: PLEASE PRINT    PHONE (    )
Timothy Mackie ILA Local 1414 President
1221 N. Lathrope Ave
Savannah GA

ZIP + 4® (U.S. ADDRESSES ONLY)
3 1 4 1 5

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)    Time    ☐ AM ☐ PM    Employee Signature

Delivery Attempt (MM/DD/YY)    Time    ☐ AM ☐ PM    Employee Signature

For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
$100.00 insurance included.

LABEL 11-B, JANUARY 2014    PSN 7690-02-000-9996    2-CUSTOMER COPY

# COMMERCIAL AFFIDAVIT

## AFFIDAVIT OF NOTICE, DECLARATION, AND DEMAND

### FAIR NOTICE AND WARNING OF COMMERCIAL GRACE

### NOTICE OF NON-JUDICIAL PROCEEDING

### THIS IS A U.S. S.E.C. TRACER FLAG, NOT A POINT OF LAW

### A SECURITY (15 USC)

## COMMERCIAL AFFIDAVIT

## U.S. S.E.C. TRACER FLAG

## NOT A POINT OF LAW

From: Henry Allen on behalf of RUDOLPH HENRY ALLEN
      1115 E. 41st Street
      Savannah GA 31404


**STATE OF GEORGIA**

**COUNTY OF CHATHAM**                                      ss:

TO: Timothy Mackie President ILA Local 1414
221 N. Lathorpe Ave.
Savannah Georgia 31415
Mail #


This action is taken in accordance: **Administrative Procedure Act (APA), Pub. L. 79–404, 60 Stat. 237,**
**enacted June 11, 1946, O.C.G.A. 51-10-6 (2010) 51-10-6.** Owner's right of action for damage to or theft
involving personal property CIVIL REMEDIES: PRESERVATION: The omission to specify or affirm in this
Code any liability to damages, penalty, forfeiture, or other remedy imposed by law and allowed to be recovered
or enforced in any civil action or proceeding, for any act or omission declared punishable herein, does not affect
any right to recover or enforce the same.

I, Henry Allen, the Undersigned, Living Man and Authorized Representative for RUDOLPH HENRY ALLEN
do solemnly swear, declare, and depose:

1. THAT I am competent to state to the matters set forth herein.

2. THAT I have personal knowledge of the facts stated herein.

3. THAT all the facts stated herein are true, correct, and certain, admissible as evidence, and if called upon as a
witness, I will testify to their veracity.

4. THAT the eternal, unchanged principles of Commercial Law are:

a) A workman is worthy of his hire (thou shalt not steal)

b) All are equal under the law (no one is above the law)

c) In Commerce, truth is sovereign (thou shalt not bear false witness)

d) Truth is expressed in the form of an affidavit.

e) An unrebutted affidavit stands as truth in Commerce.

f) An unrebutted affidavit becomes the judgment in Commerce.

g) All matters must be expressed to be resolved.

h) He who leaves the battlefield first loses by default.

i) Sacrifice is the measure of credibility (no willingness to sacrifice = no liability, responsibility, authority or measure of conviction)

j) A lien or claim can be satisfied only through an affidavit by a point-for-point rebuttal, resolution by jury or payment.

5. THAT Commercial processes (including this Affidavit and the required responses to it) ARE NON-JUDICIAL and pre-judicial because:

a) No judge, court, government or any agencies thereof, or any other third parties whatsoever, can abrogate anyone's affidavit of truth; and

b) Only a party affected by an affidavit can speak and act for ones' self and is solely responsible for responding with his own affidavit of truth, which no one else can do for him.

6. THAT the lawful seizure, collection, and transfer of ownership of money or property must be effected by a valid Commercial Lien which must contain certain elements in order to be Commercially valid, to wit:

a) The lien instrument must obviously, patently, and evidently be a LIEN by being clearly and explicitly titled "LIEN," "CLAIM OF LIEN," or "DECLARATION OF LIEN," and mandatorily, by its exhaustive Commercial content (full disclosure) as follows in b), c) and d);

b) The lien instrument MUST CONTAIN a notarized hand-signed affidavit, for which the issuer is commercially liable, containing a plain statement of fact disclosing how the obligation of the lien was created, attesting that the commercial condition is true, correct, and certain;

c) The lien instrument MUST CONTAIN a ledger or bookkeeping statement connecting purchases, services rendered, and/or **injuries sustained**, with a claim of obligation such that each purchase, service, and/or injury is presented in a one-to-one correspondence with its partial claim of obligation. The partial obligations are then totaled to obtain the total obligation. This is called a "True Bill in Commerce."

d) The lien instrument MUST CONTAIN a statement, either specific or general, of the property being seized from the lien debtor to satisfy, or to guarantee satisfaction of, the obligation of the lien.

e) A NOTICE OF LIEN to be valid MUST CONTAIN a clear statement as to where the lien is filed, where it can be found and how a copy can be obtained.

7. THAT I am not the creation or chattel property of any person or any government agency whatsoever. I am not under any obligation whatsoever to any governmental agency, state or federal, or any of their self-passed laws, statutes, regulations or policies.

8. THAT any and all of the various papers, documents, adhesion contracts, or "agreements" I may have signed with any government agency or entity or any others that might be construed to indicate a conclusion contrary to my herein-below assertions were made, signed by me on the basis of mistake due to lack of full disclosure creating a deliberate lack of full knowledge, a deliberate action of fraud, non-disclosure, concealment of material fact, and misrepresentation.

Such action thereby creates a stressful situation of duress and intimidation, vitiating all documents by such action of fraud.

9. THAT it is the sincerest belief, religious and spiritual conviction of this Affiant that slavery and peonage are immoral, are violations of the First Precept of Commercial Law (a workman is worthy of his hire, "Thou shalt not steal"), that fraud, misrepresentation, nondisclosure, intimidation, deceit, concealment of material fact, lying, and treachery are morally wrong.

11. THAT I, Henry Allen, am the sole and absolute owner of myself, my body, and my estate, and possess unconditional, lawful title thereto, and that I abjure, renounce, forsake, and disavow utterly and absolutely now and forever all presumptions of power, authority, or right by any governmental agency, its Principals, over the rights, life, liberty, freedom or property of this Affiant from whatever source presumed or derived.

12. THAT NO COMMERCIAL PAPERWORK or COMMERCIAL AFFIDAVITS have been furnished or supplied to Claimant for purposes of rebuttal of the Claimants Demands.

15. THAT I, Henry Allen, the Undersigned, herewith and herein demand of ALL PARTIES involved in any way in this so-called cause of action, who attempt or continue to proceed against me or my properties in the instant cause of action in any way, furnish answers to the following:

a) In CY 1982, after ILA Welfare and Pension records clearly show Claimant had made over 700 hours (see attached) required by The ILA Master Contract/ Collective Bargaining Agreement for (L Card) seniority, was Claimant barred from and NOT allowed to participate in the Seniority class of 1982 (L Card)?

b) In 1982, was there any other ILA Local operating in **Maintenance and Repair** under ILA Charter in the Port of Savannah (other than ILA Local 1414)?

c) In 2015 Claimant received a communication from BIGNAULT & CARTER Attorneys at Law (Ex #3) claiming to be "representatives" for International Longshoremen Association Local 1414 stating that Claimant "did not work for any company who was party to the CBA between ILA Local 1414 and GSA. You worked in a **different craft under a different seniority system as a maintenance and repair employee**", when Article IX of the Master Contract states;

# ARTICLE IX

## ILA JURISDICTION OVER MAINTENANCE AND REPAIR WORK

**Section 1 Maintenance and Repair Work**

It is agreed that the jurisdiction of the ILA shall cover the **maintenance and repair** of equipment (which term **includes containers and chassis) and such equipment as its members have** historically **maintained and which is owned, controlled, operated, or interchanged by USMX members including, but not limited to, (a) container cranes, (b) container-handling equipment, and (c) container cranes and container-handling equipment which are acquired for new deep-sea terminal facilities. (The ILA's jurisdiction remains in effect at waterfront container facilities and/or off-pier premises used for servicing and repairing equipment covered by this Master Contract in accordance with the Containerization Agreement. Further, all said equipment, be it owned, leased, or controlled by USMX members and/or signatories to the Master Contact, once it is presented at waterfront facilities, shall be covered by this Master Contract. Furthermore, it is recognized that the marine terminal work of all ILA crafts has been traditionally performed on piers and waterfront facilities.**

**When such marine-terminal work is moved off the marine terminal by the terminal operator or by a 21 signatory carrier to facilities in the port area, the ILA shall retain its work jurisdiction, where the work is the work that would have been performed in the marine terminal or port area.)**

ILA Local 1414 representatives BIGNAULT & CARTER have stated on two (2) separate occasions (see attachments) that the (Claimant) worked in a "different seniority" under a "different craft" but, have yet to bring forth ANY tangible evidence (Operating Charter/Local #/Location) that this "different" craft and seniority ever existed in 1982 in the Port of Savannah. Or how this "different" craft or seniority is connected to (claimant) when ALL of the claimant's Work History/Wage History is recorded and stored in EXACTLY the same place (ILA Pension and Welfare) as ALL other Longshoremen BEFORE and AFTER?

Just a cursory glance at established facts will show there could NEVER be tangible evidence lawfully supporting this fraud being perpetuated on (Claimant) at the hands of the Numerous Presidents/Officers of ILA Local 1414 with beforehand Notice and probably prior knowledge of the fraud.

**There was NO Maintenance and Repair ILA Union Local operating as a SEPARATE Local with its OWN ILA Charter OUTSIDE of ILA Local 1414 in 1982 in the Port of Savannah.** Those coming into existence AFTER 1982 are of NO consequence or relevance.

For ILA Representatives BIGNAULT & CARTER as well as ANY and ALL Agents and Assigns to continue the deceptive practice of CLAIMING a "different" craft or seniority without ANY tangible evidence (Operating Charter/Local #/Physical Location/Date established) etc. is in violation of International Commercial Law, Federal Law, State and Local Law, not to mention the ILA Handbook, the ILA Master Contract (Art. 9 sec 1), as well as the ILA Code of Ethics on behalf of the current ILA Local 1414 Executive Board and ALL others having prior knowledge by Lawful Notice.

d) What or who are the Parties engaging in fair business practices in the instant matter?

e) Where is the full disclosure bearing on all matters pertaining to this instant matter?

f) Where are the clean hands?

g) Where is the good faith action?

h) Where are the truth, mercy, grace, and all similar just and virtuous qualities and proceedings based on them that are supposed to inhere in commerce and the Uniform Commercial Code?

16. In order for a crime to exist, four elements must exist; there must be a defined crime, there must be a victim, and that the victim must have been damaged, and the intent must be established on the part of the accused. Without proof of all four elements, no crime can said to have been committed. In this Affidavit, crimes are defined, the Affiant is the victim, this Affidavit verifies the damages, and the intent is established at the end of the thirty (30) day grace period, if the respondents fail to rebut (respond to) the wrongs they have been a party to as noted herein.

17. NOTICE is hereby given, and demands made, on all Respondents, that:

a) ALL properties (L-Card Seniority plus Damages for Fraud) taken unlawfully, removed in violation of commerce, or otherwise concealed/covered with malicious intent by ANY Party having beforehand knowledge by lawful notice including, but not limited to **Local 1414 former President Willie Seymour, former Local 1414 President Benny Bryant, former Local 1414 President Tommie Stokes and current Local 1414 President Timothy Mackey**, or other Parties in collusion therewith, be immediately returned IN FULL VALUE ($ ) (see attachments) PLUS 10% to Henry Allen, the Undersigned Affiant, justly possessing the lawful and legal title thereto; OR

b) All Parties who proceed to act or assist in said actions, against RUDOLPH HENRY ALLEN, without thorough, verifiable, point-by-point rebuttal of each and every point set forth in this Affidavit shall be immediately charged with criminal fraud, theft, conspiracy of extortion, theft and fraud, and commercial liens shall be placed against all their real and personal properties (defined crimes: **United States Criminal Code Title 18 Section 4 misprision of felony, 241 conspiracy against the rights of citizens, 872 extortion, 1001 fraud and false statements, and other such crimes as are related to issues of RACKETEERING 18 USC 1961, plus such Constitutional violations not listed in the Criminal Codes combined and described simply as TREASON); and**

c) All court costs and legal fees relating to this instant case shall be paid by those who have drawn the undersigned Affiant Henry Allen into this instant matter; AND

19. THAT failure to respond as herein required to this Affiant, within the herein a prescribed time of thirty (30) days will be deemed by this Affiant to invoke the doctrine of acquiescence and admission, to recover, in commerce, the lost or damaged properties plus damages, penalties and costs. (O.C.G.A. 24-3-36 (2010) 24-3-36. (Acquiescence or silence as admission)

20. THAT the foundation of Commercial Law, being based on certain eternally just, valid, and moral precepts, has remained unchanged for at least six (6) millennia. Said Commercial Law

forms the underpinnings of Western Civilization if not all Nations, Law, and Commerce in the world, is NON-JUDICIAL, and is prior and superior to, the basis of, and cannot be set aside or overruled by, the laws and statutes of any governments, legislatures, quasi-governmental agencies, or courts. It is therefore an inherent obligation on all relevant Authorities, Officials, Governments, Legislatures, Governmental or Quasi-governmental Agencies, Courts, Judges, Attorneys, and all aspects and Agents of all Law Enforcement Agencies to uphold said Commercial Law, without which said entities are violating the just basis of their alleged authority and serving to disintegrate the society they allegedly exist to protect.

CONTRACT OF LIABILITY FOR ALLEGATIONS

21. THAT if ILA Local 1414 current President (Timothy Mackie) failed to rebut such claims or charges, the Claimant would immediately declare a default against the ILA Local 1414 and proceed to collect on the claims made as being in agreement with said claims or charges.

22. THAT the ILA Local 1414's legal representatives BIGNAULT & CARTER statements in (Ex#3) referring to a different craft and seniority as it pertains to Claimants property (L Card) seniority are not based on established protocol governing on pier/off pier Maintenance and Repair work historically under the Jurisdiction of the ILA set forth in Article IX Section #1 of the ILA Master Contract.

23. THAT I, Henry Allen, the Undersigned Affiant, depose and certify that I have written the foregoing with intent and understanding of purpose, and believe the statements, allegations, demands and contents herein to be true, correct, and complete, commercially reasonable, and just, to the best of my knowledge and belief.

## DAMAGES

For 1982 is the contract year in question. As the ILA Handbook, ILA Code of Ethics and established Labor Law have made clear, involving the Merits of this matter (claimant) has been wrongfully denied the right to participate in L Card Seniority up until this very day.

The Z Card (Claimant) gained 28 years later was obtained after the fact of being denied L Card Seniority 28 years earlier.

The evidence is clear that there was major economic fraud inflicted upon (Claimant) at the hands of ILA Administration at that time which has caused irreparable damage, pain and suffering/mental anguish to this very day.

**(Seniority determines the access to employment of Union and Non-Union members, the higher the seniority the better the chance of employment availability for the worker. Without seniority, the chance of obtaining regular employment is diminished greatly.)**

By being fraudulently denied rightful Seniority Status by ILA Local 1414 administration in 1982 up until now, (Claimant) has clearly suffered irreparable harm and economic damages. In a union-represented workplace, seniority drives the majority of decisions made about employees. These decisions include such areas as employee wages, hours available to work, vacation time, promotions, overtime, preferred jobs, preferred shifts, cross-training opportunities, and other benefits and privileges available to employees.

Therefore the grounds for which damages are being sought pertain, but are not limited to potential earnings are being sought stated above, and the calculation is as follows:

# ACCOUNTING OF DAMAGES SUSTAINED

## Potential "lost" Earnings

$120,000.00 a year x 30years = $3,600,000.00 Three Million Six Hundred Thousand Dollars.

Container royalties and Vacation Holiday Bonuses averaged by L Card section members from 1982 to 2018 estimated to total of:

$20,000.00 Twenty Thousand Dollars yearly x 26 years=$520,000.00 Five Hundred and Twenty Thousand Dollars.

### Injuries Suffered/Partial Claims for Damages

US Code Violations for each ILA Local 1414 President (4) NOTICED of Fault:

Grand Total in Damages for violating Affiant's Rights, as well as US Code(s) =

18USC 3571 Violation of Oath of Office (for breach of ILA Code of Ethics) = $250,000.00 (Two Hundred and Fifty Thousand Dollars)

18 USC 3571/Denied right to Truth in evidence= $250,000.00 (Two Hundred and Fifty Thousand Dollars). (For the concealing of the facts to cause economic hardship)

18 USC 4/MISPRISON OF FELONY= $ 500.00 Five Hundred Dollars. (For concealing the Facts resulting in Economic Hardship)

18 USC 241/CONSPIRACY=$10,000.00 (Ten Thousand Dollars.)

18 USC 872/ EXTORTION= $10,000.00 (Ten Thousand Dollars.)

18 USC 1001/ FRAUD= $10,000.00 (Ten Thousand Dollars.)

18 USC 1001 FALSIFICATION OF DOCUMENTS=$10,000.00 (Ten Thousand Dollars.) (For conveying fraudulent language in official documents)

18 USC 1621/ PURJURY=$2,000.00 (Two Thousand Dollars)

18 USC 1963/ RACKETEERING (CRIMINAL) = $25,000.00 (Twenty Five Thousand Dollars)

TOTAL AMOUNT FOR USC Code Violations x 4 $567,500.00 x 4= $2,268,000.00 (Two Million Two Hundred and Seventy Thousand Dollars)

### Potential "lost" Earnings

$120,000.00 a year for 27years = $3,240,000.00 (Three Million Two Hundred and Forty Thousand Dollars.)

Container royalties and Vacation Holiday Bonuses averaged by L Card section members from 1982 to 2018 estimated to total of:

$20,000.00 Twenty Thousand Dollars yearly for 27 years=$540,000.00 Five Hundred and Forty Thousand Dollars.

USC Code Violations by ILA Local 1414 Presidents = $2,268,000.00 (Two Million Two Hundred and Sixty Eight Thousand Dollars)

+ $540,000.00 (Five Hundred and Forty Thousand Dollars)

+$3,240,000.00 (Three Million Two Hundred and Forty Thousand Dollars)

Grand Total= $6,048,000.00 (Six Million and Forty Eight Thousand Dollars)

NOTICE TO PRINCIPALS IS NOTICE TO AGENTS.

NOTICE TO AGENTS IS NOTICE TO PRINCIPALS.

EXODUS 20:15, 16.

FURTHER AFFIANT SAITH NOT.

Public notice of our private agreement may be made a matter of public record at any time and at the discretion of the Claimant.

DATED: 02/27/2018

[RUDOLPH HENRY ALLEN], Claimant

Print Name _Rudolph Henry Allen_

WITNESS my hand this 27th day of February, 2018

/s/ _Rudolph H. Allen_

Henry Allen, SUI JURIS


STATE OF _Georgia_

COUNTY OF [county] _Chatham_


On this 27th day of _February_, 2018, before me, the undersigned Notary Public in and for the State of [state], appeared _Rudolph Henry Allen_ , ( ) personally known to me or (✓) proved with the _Produced I.D._ basis of satisfactory evidence, to be the person whose signature appears in the within instrument acknowledged to me that he executed it.

Witness my hand and official seal:

/s/ _Andrea L. Byington_ —NOTARY PUBLIC

ANDREA L. BYINGTON
NOTARY PUBLIC, CHATHAM COUNTY, GEORGIA
MY COMMISSION EXPIRES: APRIL 14, 2019

# USPS Tracking®

**FAQs >** (http://faq.usps.com/?articleId=220900)

## Track Another Package ✚

**Tracking Number: EL005888089US**

Remove ✕

**Scheduled Delivery by**

## WEDNESDAY

# 28 FEBRUARY 2018 ⓘ | by **12:00pm** ⓘ

## ⊘ Delivered

February 28, 2018 at 10:52 am
Delivered, Front Desk/Reception
SAVANNAH, GA 31415

**Get Updates** ⋁

---

Text & Email Updates                                    ⋁

---

Proof of Delivery                                       ⋁

---

Tracking History                                        ⋁

---

Product Information                                     ⋁

---

See Less ⋀

**CUSTOMER USE ONLY**

FROM: PLEASE PRINT

RUDOLPH HENRY ALLEN
1115 E 41st Street
Savannah GA 31404

PAYMENT BY ACCOUNT (if applicable)
USPS® Corporate Acct No.

**DELIVERY OPTIONS (Customer Use Only)**

☑ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
☐ 10:30 AM Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: PLEASE PRINT

ILA International
ATTN Harold Daggett President
5000 West Bergen NJ 07047
Side Ave

ZIP + 4® (U.S. ADDRESSES ONLY)

0 7 0 4 7

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance included.

LABEL 11-B, JANUARY 2014      PSN 7690-02-000-9996      2-CUSTOMER COPY

---

USPS TRACKING #

EL 00588788 8 US

**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS™**

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code 31401

☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO

Scheduled Delivery Date (MM/DD/YY)  2·07·18
Postage $ 24.70

Date Accepted (MM/DD/YY) 2·6·18
Scheduled Delivery Time ☑ 10:30 AM ☐ 3:00 PM ☐ 12 NOON
Insurance Fee
COD Fee

Time Accepted 4:00 ☐ AM ☑ PM
10:30 AM Delivery Fee
Return Receipt Fee
Live Animal Transportation Fee

Weight ☐ Flat Rate 3 lb 3 oz
Sunday/Holiday Premium Fee $
Total Postage & Fees $ 24.70

Acceptance Employee Initials

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY) Time ☐ AM ☐ PM   Employee Signature
Delivery Attempt (MM/DD/YY) Time ☐ AM ☐ PM   Employee Signature

From: Rudolph Henry Allen
     1115 E. 41st Street
     Savannah Georgia 31404

To: ILA "International"·
ATTN: Harold Daggett/ILA International President
5000 Westside Ave.
North Bergen NJ 07047

AFFIDAVIT OF FACT
NOTICE OF FAULT/OPPORTUNITY TO CURE
FINAL NOTICE

Re: Rudolph Henry Allen's L Card Seniority Placement

THIS NOTICE AND ENCLOSURES ARE A PRIVATE COMMUNICATION BETWEEN THE PARTIES
AND CONSTITUTE DUE PROCESS
NOTICE TO AGENT IS NOTICE TO PRINCIPAL --- NOTICE TO PRINCIPAL IS NOTICE TO AGENT,
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

Greetings Mr. Daggett,
Let his presentment serve as (Final Notice) and opportunity to respond to a Lawful Affidavit served (under
Notary Presentment) on Former President Tommy Stokes and current International ILA President Mr. Harold
Daggett in August of 2015, Rudolph Henry Allen (hereinafter "Claimant") has taken more than honorable steps
towards bringing this matter to a quiet conclusion with as little fanfare as possible.

The instant matter in question is the lack of access to L Card Seniority for (Claimant) in spite of the fact that
ILA Pension And Welfare records prove that in CY 1982 (Claimant) earned the 700 hours required by the ILA
Union Handbook as well as the ILA Master Contract/Collective Bargaining Agreement and should have been
allowed participation in L Card Seniority at the end of that contract year.
This Presentment contains a copy of the Notarized complaint from (Claimant) Certified Mail #7015 0640 0000
0689 6365 (Ex#1), as well as the copy of a communication sent to then ILA Local 1414 President Tommie
Stokes from "International" President Harold Daggett (Ex#2) which was forwarded to a host of distinguished
delegates including, but not limited to Mr. Willie Seymour, and (Claimant) advising that there be a Seniority
Board Hearing on the merits of the case.

On September 29, 2015 (Claimant) received a letter via Certified Mail RRR# 70150640000304553670 from the
Law Firm of BIGNAULT &CARTER Attorneys at Law representing the ILA Local 1414 (Ex#3) stating that
Mr. Allen worked for a different craft under a different seniority system and not covered within the jurisdiction
of ILA Local 1414. When the ILA Master Contract clearly states:

**ARTICLE IX**
**ILA JURISDICTION OVER MAINTENANCE AND REPAIR WORK**

**Section 1**
**Maintenance and Repair Work**
It is agreed that the jurisdiction of the ILA shall cover the maintenance and repair of equipment (**which term
includes containers and chassis**) and such equipment as its members have historically maintained and which is
owned, controlled, operated, or interchanged by USMX members including, but not limited to, (a) container
cranes, (b) container-handling equipment, and (c) container cranes and container-handling equipment which are
acquired for new deep-sea terminal facilities. **The ILA's jurisdiction remains in effect at waterfront
container facilities and/or off-pier premises used for servicing and repairing equipment covered by this
Master Contract in accordance with the Containerization Agreement.** Further, all said equipment be it

owned, leased, or controlled by USMX members and/or signatories to the Master Contact, once it is presented at waterfront facilities, shall be covered by this Master Contract. Furthermore, it is recognized that the marine-terminal work of all ILA crafts has been traditionally performed on piers and waterfront facilities. When such marine-terminal work is moved off the marine terminal by the terminal operator or by a 21 signatory carrier to facilities in the port area, the ILA shall retain its work jurisdiction, where the work is the work that would have been performed in the marine terminal or port area.

The "legal" representative for ILA Local 1414 (and) the Georgia Stevedore Association (GSA) BIGNAULT & CARTER also stated in the September 19, 2015 communication (Ex #3) that "based on (claimant's Pension Fund System Printout, it does not appear that you worked at least 700 hours as a longshoremen under the CBA in any year between 1982 and 2009. Therefore, you would not be entitled to any seniority."

In light of the "legal" response of the ILA Local 1414 "legal" representatives BIGNAULT & CARTER, (claimant) is requesting pursuant to The Privacy Act of 1974, 5 U.S.C. § 552a and The Freedom of Information Act, 5 U.S.C., 552 there be an Internal Forensic Audit of the entire ILA Local 1414 workforce for the CY 1982 for the purposes of reviewing just what companies were and/or were not, party to the Collective Bargaining Agreement for CY 1982. "Claimant" is seeking access to records that will show the companies that were party to the Collective Bargaining Agreement in the CY 1982 operating in the Port of Savannah and were under the jurisdiction of the International Longshoremen's Association. In 1982 ILA Maintenance and Repair workers in the Port of Savannah were being dispatched from the ONLY ILA operating union local in Savannah at that time, ILA Local 1414.

## DAMAGES

1982 is the contract year in question. As the ILA Handbook, ILA Code of Ethics and established Labor Law have made clear, involving the Merits of this matter (claimant) has been wrongfully denied the right to participate in L Card Seniority up until this very day. The Z Card (Claimant) gained 28 years later was obtained after the fact of (Claimant) being denied L Card Seniority 28 years earlier. The evidence is clear that there was major economic fraud inflicted upon (Claimant) at the hands of ILA Local 1414 Administration at that time which has caused irreparable damage, pain and suffering/mental anguish. **Seniority determines the access to employment of Union and Non-Union members,** the higher the seniority the better the chance of employment availability for the worker. **Without seniority, the chance of obtaining regular employment is diminished greatly.** Being denied rightful Seniority Status by ILA Local 1414 administration is an act of economic Genocide.

In a union-represented workplace, seniority drives the majority of decisions made about employees. These decisions include such areas as employee wages, hours available to work, vacation time, promotions, overtime, preferred jobs, preferred shifts, cross-training opportunities, and other benefits and privileges available to employees.

Therefore the grounds for which damages are being sought in this matter have been stated above, and the calculation is as follows:

$120,000.00 a year x 30 years = $3,600,000.00 Three Million Six Hundred Thousand Dollars.

Container royalties and Vacation Holiday Bonuses averaged by L Card section members from 1982 to 2002.

Once I have PROOF this letter is received by your Office, you will have 15 days to respond by letter or in person to bring this issue to an amicable conclusion. After that I will seek remedy to the fullest extent of the law.

Sincerely,

Signed by: *(signature)*
Dated: 2 - 62 18

## ACKNOWLEDGEMENT

County of Chatham

Georgia (state Republic)

SUBSCRIBED AND SWORN before me this __6th__ day of __February__, A.H. 20 18 , a Notary, that __Rudolph Henry Allen__, personally appeared and known to me to be the man whose name is subscribe to this instrument and I acknowledge him to be the same.

Notary Seal;

My Commission Expires

DEEDEE E. ODOM
NOTARY PUBLIC - GEORGIA
EFFINGHAM COUNTY
My Commission Expires Dec. 22, 2018

# RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

**Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules, I hereby certify that:**
(CHECK ONE)

[✓] no case has heretofore been filed in the Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

OR

[ ] this petition-pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case # _____.

Allen Henry Rudolph (Plaintiff) vs. ILA Local 1414 President Timothy Mack (Defendant)

This _____ day of _____, 20 _____.

_Rudolph H Otto_ Attorney/Plaintiff

## Notice of Eastern Judicial Circuit Standing Orders

**YOU MUST SERVE THIS NOTICE UPON THE OPPOSING PARTY** together with the initial filing of suit, counterclaim, crossclaim or interpleader. The Superior Court has adopted the following STANDING ORDERS which may apply to you and which may affect your ability to obtain a hearing:

1. **MANDATORY MEDIATION ORDER**, effective January 3, 2011: This order requires parties to mediate their case prior to the pretrial conference or trial. Certain limited cases are exempt from the mediation requirement. Please secure a copy of the mediation order and determine if it applies to your case.
2. **ORDER ON PRODUCTION OF DOCUMENTS**, effective March 15, 2002 and reinstated January 3, 2011: This order applies to all domestic cases in which temporary or permanent financial relief is sought. The order requires the parties in such cases to exchange certain documents listed in the order within a specified time frame. A copy of the production of documents order must be served upon the defendant together with the complaint and summons.
3. **TRANSITIONAL PARENTING SEMINAR ORDER**, effective March 10.2010 and reinstated January 3, 2011: This order requires the parties in certain domestic cases involving the interest of children under 18 years of age to complete the "Transitional Parenting Seminar". Please secure a copy of the mediation order and determine if it applies to your case.

**COPIES OF THE STANDING ORDERS ARE AVAILABLE AT THE OFFICE OF THE CLERK OF SUPERIOR COURT OR AT:**

http://www.chathamcounty.org/department_freeform_T7_R132.html

FORM 3.2 REVISED JAN 2011

ENTERED DJG OCT 0 9 2018

## IN THE SUPERIOR COURT OF CHATHAM COUNTY

## STATE OF GEORGIA

Allen, Rudolph Henry

**CIVIL ACTION NUMBER** SPCV18-01053-AB

**PLAINTIFF**

VS.

ILA Local 1414 Executives: Timothy Mackie, Tommy Stokes, Willie Seymore, Harold Daggett

**DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This ___9th___ day of ___October___, 2018

**TAMMIE MOSLEY**
Clerk of Superior Court
CHATHAM COUNTY

By _____
Deputy Clerk

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 04

ENTERED DJG OCT 0 9 2018

## IN CHATHAM SUPERIOR COURT

_____ TERM _____

RECEIVED FOR RECORD

2018 OCT -9 AM II: 21

_Tammie Mosley_

TAMMIE MOSLEY-CLERK
SUPERIOR COURT C.C GA

VS.

**ORIGINAL**

Filed in the Clerk's Office this _____

day of _October_ _2018_

_____
Clerk, Dep. Clerk, S.C.C.C. GA

_____
PLAINTIFF'S ATTORNEY