**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **RUDOLPH HENRY ALLEN** ) | |
|  ) | |
|     **Plaintiff,** ) | |
|  ) | |
| **v.** ) | **CASE NO.: 4:18-cv-00263-RSB-JEG** |
|  ) | |
| **ILA LOCAL 1414, PRESIDENT TIMOTHY** ) | |
| **MACKEY, FORMER PRESIDENTS** ) | |
| **WILLIE SEYMOUR, BENNY BRYANT,** ) | |
| **TOMMY STOKES, and HAROLD** ) | |
| **DAGGETT,** ) | |
|  ) | |
|     **Defendants.** ) | |

*DEFENDANTS TIMOTHY MACKEY AND INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL NUMBER 1414'S ANSWER AND DEFENSES*

**COMES NOW DEFENDANTS TIMOTHY MACKEY INDIVIDUALLY (hereinafter "Mackey") AND INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL NUMBER 1414 (hereinafter "Defendant Union")**, by and through their undersigned counsel, and hereby file and hereby submit their answer and affirmative defenses to Plaintiff's *Complaint*:

**FIRST DEFENSE**

Plaintiff has failed to state a claim for which relief may be granted under any federal or state source of law.

**SECOND DEFENSE**

Plaintiff's *Complaint* against Defendant Union should be dismissed because of insufficiency of service of process, in that Defendant Union has not been properly served with a copy of the *Summons* and *Complaint*.

**THIRD DEFENSE**

Defendants are not liable to Plaintiff for the reason that Plaintiff's claim has been resolved by the decision of the Joint Labor and Management Seniority Board in accordance with the *Agreements between the Georgia Stevedore Association and the International Longshoremen's*

**ALLEN v. ILA LOCAL 1414, et al**
**CIVIL ACTION NO.**
***DEFENDANTS TIMOTHY MACKEY AND ILA***
***LOCAL 1414'S ANWER AND DEFENSES***

*Association, Local 1414* (hereinafter the "*CBA*")). Such decision has the legal effect of an arbitration decision and resulted in a written finding dated September 13, 2007 that Plaintiff "did not qualify for a seniority card during the period in question or any contract year subsequent."

## FOURTH DEFENSE

Defendants are not liable to Plaintiff for the reason that Plaintiff has unduly and unreasonably delayed in bringing his claim and Defendants therefore plead the defense of laches.

## FIFTH DEFENSE

Defendants are not liable to Plaintiff for the reason that the claims now asserted by Plaintiff in his *Complaint* were previously decided adversely to Plaintiff by the National Labor Relations Board ("NLRB") on or about January 20, 2011, and are now barred. Defendants therefore plead the defense of res judicata.

## SIXTH DEFENSE

Defendants are not liable to Plaintiff for the reason that Plaintiff's alleged claim accrued more than Thirty-Seven (37) years prior to Plaintiff's filing of this action, and Plaintiff's claims are barred by the applicable statute of limitations. Defendant therefore pleads the defense of statute of limitations.

## ANSWER

Plaintiff's *Complaint* contains Twenty Four (24) Pages and the following Five (5) separate documents: (1) *Memorandum of Points and Authorities in Support of Application for Temporary Restraining Order and Order to Show Cause RE Preliminary Injunction* (Doc. 1-1, P. 2-4); (2) *Affidavit of Non-Response*. (Doc. 1-1, P. 5-6); (3) *Affidavit of Fact Notice of Fault/Opportunity to Cure Final Notice* (Doc. 1-1, P. 7-10); (4) *Commercial Affidavit* (Doc. 1-1, P. 11-20); and (5) *Affidavit of Fact Notice of Fault/Opportunity to Cure Final Notice* (Doc. 1-1, P. 21-25).

For their *Answer* to Plaintiff's *Complaint*, Defendants will respond to each separate document and hereby deny all allegations of Plaintiff's *Complaint* not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form belief as to the truth of the allegation. Defendants hereby show this Honorable Court the following:

**ALLEN v. ILA LOCAL 1414, et al**
**CIVIL ACTION NO.**
*__DEFENDANTS TIMOTHY MACKEY AND ILA__*
*__LOCAL 1414'S ANWER AND DEFENSES__*

## I. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION (Doc. 1-1, P. 2-4)

1.

In response to the *First through Fourth Paragraphs of Doc. 1-1, P. 2*, Defendants deny that they have committed any criminal acts and deny that the cited legal code sections apply to them or to this case. Defendants deny the remainder of the allegations in the *First through Fourth Paragraphs of Doc. 1-1, P. 2*.

2.

In response to the *Fifth and final Paragraph of Doc. 1-1, P. 2*, Defendants are without sufficient knowledge or information upon which to admit or deny the allegations, and therefore deny the allegations in the *Fifth and final Paragraph of Doc. 1-1, P. 2*.

3.

In response to the *First through Third Paragraphs of Doc. 1-1, P. 3*, Defendants are without sufficient knowledge or information upon which to admit or deny the allegations, and therefore deny the allegations in the *First through Third Paragraphs of Doc. 1-1, P. 3*.

4.

In response to the *Fourth Paragraph of Doc. 1-1, P. 3*, Defendants deny that Plaintiff is entitled to the seniority that he seeks under the *CBA*. Defendants admit that the *CBA* applied to Plaintiff and Plaintiff's seniority at different times during his work history in the Port of Savannah. However, Plaintiff did not qualify for a seniority card Thirty-Seven (37) Years ago during the 1981-1982 Union Contract Year. Defendants state that during the 1981-1982 Union Contract Year Plaintiff did not work as a longshoreman for any company or combination of companies for the required 700 hours who was a party to the *CBA*. During said 1981-1982 contract year Plaintiff worked in a different craft under a different seniority system as a maintenance and repair employee. Defendants deny that the cited documents apply to Plaintiff's seniority in the Port of Savannah. Defendants deny the remaining allegations of the *Fourth Paragraph of Doc. 1-1, P. 3*.

**ALLEN v. ILA LOCAL 1414, et al
CIVIL ACTION NO.
*DEFENDANTS TIMOTHY MACKEY AND ILA
LOCAL 1414'S ANWER AND DEFENSES*__**

5.

In response to *Paragraph Number 1 at the bottom of Doc. 1-1, P. 3*, Defendants are without sufficient knowledge or information upon which to admit or deny the allegations, and therefore deny the allegations of *Paragraph Number 1 at the bottom of Doc. 1-1, P. 3*.

6.

In response to *Paragraph Number 2 at the bottom of Doc. 1-1, P. 3*, Defendants are without sufficient knowledge or information upon which to admit or deny the allegations, and therefore deny the allegations of *Paragraph Number 2 at the bottom of Doc. 1-1, P. 3*.

7.

In response to *Paragraph Number 3 at the bottom of Doc. 1-1, P. 3*, Defendants are without sufficient knowledge or information upon which to admit or deny the allegations, and therefore deny the allegations *Paragraph Number 3 at the bottom of Doc. 1-1, P. 3*.

8.

In response to *Paragraph Number 4 at the bottom of Doc. 1-1, P. 3*, Defendants are without sufficient knowledge or information upon which to admit or deny the allegations, and therefore deny the allegations of *Paragraph Number 4 at the bottom of Doc. 1-1, P. 3*.

9.

In response to the *First Paragraph of Doc. 1-1, P. 4*, Defendants deny that Plaintiff is entitled to an injunction under any set of factual circumstances and under any theory of law and further states that Plaintiff did not qualify for the said seniority card classification Thirty-Seven (37) Years ago during the 1981-1982 Union Contract Year or any contract year subsequent. Defendants deny the remaining allegations of the *First Paragraph of Doc. 1-1, P. 4*.

10.

In response to the remaining *Paragraphs of Doc. 1-1, P. 4*, Defendants state that these *Paragraphs* do not contain allegations which Defendants can respond to and are therefore denied.

11.

Defendants deny all allegations of the *Memorandum of Points and Authorities in Support*

**ALLEN v. ILA LOCAL 1414, et al**
**CIVIL ACTION NO.**
*<u>DEFENDANTS TIMOTHY MACKEY AND ILA
LOCAL 1414'S ANWER AND DEFENSES</u>*

*of Application for Temporary Restraining Order and Order to Show Cause RE Preliminary Injunction* (Doc. 1-1, P. 2-4) not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form belief as to the truth of the allegation.

## II. AFFIDAVIT OF NON-RESPONSE (Doc. 1-1, P. 5-6)

12.

In response to the *First Paragraph and the first set of numbered Paragraphs 1 through 2 of Doc. 1-1, P. 5*, Defendants are without sufficient knowledge or information upon which to admit or deny the allegations, and therefore deny the allegations of the *First Paragraph and the first set of numbered Paragraphs 1 through 2 of Doc. 1-1, P. 5*.

13.

In response to the *second set of numbered Paragraphs 1 through 4 of Doc. 1-1, P. 5*, Defendants are without sufficient knowledge or information upon which to admit or deny the allegations, and therefore deny the allegations of the *second set of numbered Paragraphs 1 through 4 of Doc. 1-1, P. 5*.

14.

In response to the *Acknowledgment of Doc. 1-1, P. 6*, Defendants state that it does not contain any allegations and Defendants therefore deny the same.

15.

Defendants deny all allegations of the *Affidavit of Non-Response* (Doc. 1-1, P. 5-6) not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form belief as to the truth of the allegation.

## III. AFFIDAVIT OF FACT NOTICE OF FAULT/OPPORTUNITY TO CURE FINAL NOTICE (Doc. 1-1, P. 7-10)

16.

In response to the *Mail Receipts* (Doc. 1-1, P. 7), Defendants state that they do not contain any allegations and Defendants therefore deny the same.

**ALLEN v. ILA LOCAL 1414, et al**
**CIVIL ACTION NO.**
***DEFENDANTS TIMOTHY MACKEY AND ILA***
***LOCAL 1414'S ANWER AND DEFENSES***

17.

In response to the *First Paragraph and the Preceding Statements of Doc. 1-1, P. 8*, Defendants state that they do not contain any allegations and Defendants therefore deny the same.

18.

In response to the *Second Full Paragraph of Doc. 1-1, P. 8*, Defendants admit that Plaintiff's *Complaint* concerns his "lack of access to L Card Seniority", but deny that Plaintiff was ever entitled to L Card Seniority under the *CBA*. Defendants further deny that Plaintiff earned the required 700 hours during the 1981-1982 Union Contract Year for seniority status. Defendants further state that Plaintiff failed to maintain continuous service under the *CBA* after October 1, 1982 as required to have and maintain L Card Seniority. Defendants deny the remaining allegations of the *Second Full Paragraph of Doc. 1-1, P. 8*.

19.

In response to the *Third Full Paragraph of Doc. 1-1, P. 8*, Defendants admit that a letter dated September 29, 2015 was delivered by Certified Mail to Plaintiff from the Law Firm of Bignault & Carter representing Defendant Union. Defendants further admit that the letter was sent in response to Plaintiff's request for a review of the September 13, 2007 decision by the Seniority Board for Defendant Union and the Georgia Stevedore Association (hereinafter "GSA") denying Plaintiff his request for an "M" Card (and/or "L" Card). Defendants further state that said letter determined that Plaintiff was not entitled to any additional hearing and denied his request for a review of the September 13, 2007 Seniority Board decision. Defendants deny the remaining allegations of the *Third Full Paragraph of Doc. 1-1, P. 8*.

20.

In response to the cited language from the *ILA Master Contract Doc. 1-1, P. 8-9*, Defendants admit that this is a portion of the *ILA Master Contract*, but deny that seniority at the Port of Savannah is governed by the quoted provision. Defendants deny the remaining allegations of the final *Paragraph* of *Doc. 1-1, P. 8-9*.

**ALLEN v. ILA LOCAL 1414, et al**
**CIVIL ACTION NO.**
*DEFENDANTS TIMOTHY MACKEY AND ILA*
*LOCAL 1414'S ANWER AND DEFENSES*

21.

In response to the *First Full Paragraph of Doc. 1-1, P. 9*, Defendants deny that the letter was dated September 19, 2015 and deny that Bignault & Carter is the legal representative for the GSA. Defendants admit that they delivered to Plaintiff a letter dated September 29, 2015 that stated the quoted language. Defendants deny the remaining allegations of the *First Full Paragraph of Doc. 1-1, P. 9*.

22.

In response to the *Second Full Paragraph of Doc. 1-1, P. 9*, Defendants deny that the cited statutes are applicable to Defendants and further deny that Plaintiff is entitled to the relief that he seeks. Defendants are without sufficient knowledge or information upon which to admit or deny the remaining allegations, and therefore deny the allegations in the *Second Full Paragraph of Doc. 1-1, P. 9*.

23.

In response to the *Final Paragraph Entitled Damages of Doc. 1-1, P. 9*, Defendants admit that 1982 is the contract year in question in Plaintiff's *Complaint*. Defendants admit that Plaintiff currently has Z Card Seniority, but deny that he was wrongfully denied seniority at any time. Defendants deny that Plaintiff is entitled to any damages at all and therefore deny all of the remaining allegations contained in the *Final Paragraph Entitled Damages of Doc. 1-1, P. 9*.

24.

In response to the *Acknowledgment* (Doc. 1-1, P. 10), Defendants state that it does not contain any allegations and Defendants therefore deny the same.

25.

Defendants deny all allegations of the *Affidavit of Fact Notice of Fault/Opportunity to Cure Final Notice* (Doc. 1-1, P. 7-10) not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form belief as to the truth of the allegation.

**ALLEN v. ILA LOCAL 1414, et al**
**CIVIL ACTION NO.**
***DEFENDANTS TIMOTHY MACKEY AND ILA***
***LOCAL 1414'S ANWER AND DEFENSES***

### IV. COMMERCIAL AFFIDAVIT (Doc. 1-1, P. 11-20)

26.

In response to the *Tracking Receipt* (Doc. 1-1, P. 11), Defendants state that it does not contain any allegations and Defendants therefore deny the same.

27.

In response to the *Mail Receipts* (Doc. 1-1, P. 12), Defendants state that they do not contain any allegations and Defendants therefore deny the same.

28.

In response to *Doc. 1-1, P. 13-15*, Defendants deny the allegations in their entirety, except for the *last Paragraph labeled c) of Doc. 1-1, P. 15*. In regard to the l*ast Paragraph labeled c) of Doc. 1-1, P. 15*, Defendants admit that a letter dated September 29, 2015 was sent by Certified Mail to Plaintiff from the Law Firm of Bignault & Carter representing Defendant Union. Defendants deny the remaining allegations of *Doc. 1-1, P. 13-15*.

29.

In response to the cited language from the *Master Contract Doc.1-1, P.16*, Defendants admit that this is a portion of the *ILA Master Contract*, but deny that seniority at the Port of Savannah is governed by the quoted provision. Defendants deny the remaining allegations of *Doc.1-1, P.16*.

30.

In response to *Doc. 1-1, P. 17-18*, Defendants deny the allegations of *Doc. 1-1, P. 17-18*.

31.

In response to *Doc. 1-1, P. 19*, Defendants deny the allegations of *Doc. 1-1, P. 19*.

32.

In response to the *Notice* (Doc. 1-1, P. 20), Defendants state that it does not contain any allegations and Defendants therefore deny the same.

33.

Defendants deny all allegations of the *Commercial Affidavit* (Doc. 1-1, P. 11-20) not herein

Page **8** of **12**

**ALLEN v. ILA LOCAL 1414, et al**
**CIVIL ACTION NO.**
*<u>DEFENDANTS TIMOTHY MACKEY AND ILA</u>*
*<u>LOCAL 1414'S ANWER AND DEFENSES</u>*

admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form belief as to the truth of the allegation.

## V. AFFIDAVIT OF FACT NOTICE OF FAULT/OPPORTUNITY TO CURE FINAL NOTICE (Doc. 1-1, P. 21-25)

34.

In response to the *Tracking Receipt* (Doc. 1-1, P. 21), Defendants state that it does not contain any allegations and Defendants therefore deny the same.

35.

In response to the *Mail Receipts* (Doc. 1-1, P. 22), Defendants state that they do not contain any allegations and Defendants therefore deny the same.

36.

In response to the *First Paragraph and the Preceding Statements of Doc. 1-1, P. 23*, Defendants state that they do not contain any allegations and Defendants therefore deny the same.

37.

In response to the *Second through Third Paragraph of Doc. 1-1, P. 23*, Defendants admit that Plaintiff's *Complaint* concerns his "lack of access to L Card Seniority", but deny that Plaintiff was ever entitled to L Card Seniority under the *CBA*. Defendants further deny that Plaintiff earned the required 700 hours during the 1981-1982 Union Contract Year. Defendants further state that Plaintiff failed to maintain continuous service under the *CBA* after October 1, 1982 as required to have and maintain L Card Seniority. Defendants deny remaining allegations of the *Second through Third Paragraph of Doc.1-1, P. 23*.

38.

In response to the *Fourth Full Paragraph of Doc. 1-1, P. 23*, Defendants admit that a letter dated September 29, 2015 was sent by Certified Mail to Plaintiff from the Law Firm of Bignault & Carter representing Defendant Union. Defendants further admit that the letter was sent in response to Plaintiff's request for a review of the September 13, 2007 decision by the Seniority Board for Defendant Union and GSA denying Plaintiff his request for an "M" Card (and/or "L" Card).

Page **9** of **12**

**ALLEN v. ILA LOCAL 1414, et al**
**CIVIL ACTION NO.**
***DEFENDANTS TIMOTHY MACKEY AND ILA***
***LOCAL 1414'S ANWER AND DEFENSES***

Defendants further state that said letter determined that Plaintiff was not entitled to any additional hearing and denied his request for a review of the September 13, 2007 Seniority Board decision. Defendants deny the remaining allegations of the *Fourth Full Paragraph of Doc. 1-1, P. 23*.

39.

In response to the cited language from the *Master Contract Doc. 1-1, P. 23-24*, Defendants admit that this is a portion of the *ILA Master Contract*, but deny that seniority at the Port of Savannah is governed by the quoted provision. Defendants deny the remaining allegations of the final *Paragraph* of *Doc. 1-1, P. 23-24*.

40.

In response to the *First Full Paragraph of Doc. 1-1, P. 24*, Defendants deny the letter was dated September 19, 2015 and deny Bignault & Carter is the legal representative for GSA. Defendants admit that a letter dated September 29, 2015 was sent to Plaintiff that stated the quoted language. Defendants deny remaining allegations of the *First Full Paragraph of Doc. 1-1, P. 24*.

41.

In response to the *Second Full Paragraph of Doc. 1-1, P. 24*, Defendants deny the cited statutes are applicable to Defendants and deny that Plaintiff is entitled to any relief. Defendants are without sufficient knowledge or information upon which to admit or deny the remaining allegations, and therefore deny the allegations in the *Second Full Paragraph of Doc. 1-1, P. 24*.

42.

In response to the *Final Paragraph Entitled Damages of Doc. 1-1, P. 24*, Defendants admit that 1982 is the contract year in question in Plaintiff's *Complaint*. Defendants admit that Plaintiff currently has Z Card Seniority, but deny that he was wrongfully denied seniority at any time. Defendants deny that Plaintiff is entitled to any damages at all and therefore deny all of the remaining allegations contained in the *Final Paragraph Entitled Damages of Doc. 1-1, P. 24*.

43.

In response to the *Acknowledgment* (Doc. 1-1, P. 25), Defendants state that it does not contain any allegations and Defendants therefore deny the same.

**ALLEN v. ILA LOCAL 1414, et al**
**CIVIL ACTION NO.**
***DEFENDANTS TIMOTHY MACKEY AND ILA***
***LOCAL 1414'S ANWER AND DEFENSES***

44.

Defendants deny all allegations of the *Affidavit of Fact Notice of Fault/Opportunity to Cure Final Notice* (Doc. 1-1, P. 21-25) not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form belief as to the truth of the allegation.

45.

Defendants reserve the right to seek leave to amend their *Answer* to assert additional affirmative defenses as they become apparent through the development of this case.

**WHEREFORE,** having fully answered the allegations of the *Complaint* and stated their defenses, Defendants pray:

(a)  that the Court enter judgment for Defendants against Plaintiff and the *Complaint* be dismissed with prejudice; and

(b)  that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 9th day of November, 2018.

**BIGNAULT & CARTER**

**BY /S/ W. PASCHAL BIGNAULT**
**W. PASCHAL BIGNAULT, GA. BAR #056862**

**BY /S/ CHARLES HERMAN**
**CHARLES HERMAN, GA. BAR #142852**
**FOR THE FIRM**

**ATTORNEYS FOR DEFENDANTS**

**PARK SOUTH - UNIT F9**
**7505 WATERS AVENUE**
**SAVANNAH, GEORGIA 31406**
**TELEPHONE   : (912) 356-0388**
**FACSIMILE    : (912) 356-0399**
**E-MAIL: pbignault@bc-laws.com**
**E-MAIL: charles@charleshermanlaw.com**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| **RUDOLPH HENRY ALLEN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO.: 4:18-cv-00263-RSB-JEG |
| ) | |
| **ILA LOCAL 1414, PRESIDENT TIMOTHY** ) | |
| **MACKEY, FORMER PRESIDENTS** ) | |
| **WILLIE SEYMOUR, BENNY BRYANT,** ) | |
| **TOMMY STOKES, and HAROLD** ) | |
| **DAGGETT,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel of record and any other interested parties with a copy of *Defendants' Answer and Defenses* by depositing in the United States Mail, a copy of the same in a properly addressed envelope with adequate postage thereon, addressed as follows:

Plaintiff, Mr. Rudolph Henry Allen
1115 E. 41st Street
Savannah, Georgia 31404

This 9th day of November, 2018.

        **BIGNAULT & CARTER**

        **BY /S/ W. PASCHAL BIGNAULT**
        W. PASCHAL BIGNAULT, GA. BAR #056862

        **BY /S/ CHARLES HERMAN**
        CHARLES HERMAN, GA. BAR #142852
        **FOR THE FIRM**

        **ATTORNEYS FOR DEFENDANTS**

**PARK SOUTH - UNIT F9**
**7505 WATERS AVENUE**
**SAVANNAH, GEORGIA 31406**
**TELEPHONE : (912) 356-0388**
**FACSIMILE    : (912) 356-0399**
**E-MAIL: pbignault@bc-laws.com**
**E-MAIL: charles@charleshermanlaw.com**