**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| RUDOLPH HENRY ALLEN, | |
| Plaintiff, | CIVIL ACTION NO.: 4:18-cv-263 |
| v. | |
| ILA LOCAL 114, et al., | |
| Defendants. | |

## O R D E R

This matter comes before the Court upon Plaintiff's failure to comply with the Court's Order of January 11, 2019, (doc. 14), and his failure to prosecute this action. For the following reasons, the Court **DISMISSES** Plaintiff's claims **without prejudice** for failure to follow the Court's directive and failure to prosecute.

## BACKGROUND

On October 9, 2018, Plaintiff, proceeding pro se, filed a Complaint in the Superior Court of Chatham County. (Doc. 1-1.) One month later, Defendants ILA Local 1414 and Timothy Mackey removed the case to this Court. (Doc. 1.) Contemporaneous with their Notice of Removal, these Defendants moved to dismiss Plaintiff's Complaint. (Doc. 6.) On January 11, 2019, the Court ordered Plaintiff to file a response within twenty-one days either opposing the Motion to Dismiss or indicating his lack of opposition. (Doc. 14.) The Court alerted Plaintiff that, should he fail to respond to the Motion to Dismiss, the Court would presume he does not oppose the Motion. (Id. at pp. 1–2.) In addition, the Court provided Plaintiff with a copy of Federal Rules of

Civil Procedure 12, 15, and 41 to ensure that he had full notice of the requirements of the Rules regarding motions to dismiss.  Id.  Plaintiff has entirely failed to respond to Defendants' Motion to Dismiss.  Indeed, Plaintiff has not made any filings in this case since Defendants removed the action to this Court nearly six months ago.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order, his failure to respond to Defendants' Motion to Dismiss, and his failure to diligently pursue his claims.  For the reasons set forth below, the Court **DISMISSES** Plaintiff's claims.

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted).  Additionally, a

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Plaintiff that his failure to respond to the Motion to Dismiss would result in dismissal of this action.

2

district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983

claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite having been advised of his obligation to respond to Defendants' Motion to Dismiss and the consequences for failing to respond, Plaintiff has not filed any opposition to Defendants' Motion. Additionally, with Plaintiff not having taken any action on this case for approximately six months, he has failed to diligently prosecute his claims.

## CONCLUSION

For the above-stated reasons, the Court **DISMISSES** this action, without prejudice, and **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.[2]

**SO ORDERED**, this 7th day of May, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] While the Court dismisses this action without prejudice, even if the practical effect of the dismissal is to prevent Plaintiff from prosecuting these claims, dismissal is still warranted. Plaintiff has exhibited a clear record of delay and contempt and no sanction other than dismissal will suffice to address his failure to follow the Court's orders and his failure to prosecute.