IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RUDOLPH HENRY ALLEN, | |
| Plaintiff, | CIVIL ACTION NO.: 4:18-cv-263 |
| v. | |
| ILA LOCAL 114, et al., | |
| Defendants. | |

**O R D E R**

Before the Court is Plaintiff Rudolph Henry Allen's Motion titled "Petition to Remand Temporary Restraining Order Back to Original Jurisdiction." (Doc. 18.) The Court dismissed this case without prejudice on May 7, 2019 for Plaintiff's failure to follow the Court's directive that he respond to Defendants' motion to dismiss and also for his failure to prosecute. (Doc. 16.) In his Motion, Plaintiff now asks that the Court "reopen" his case and remand it to the Superior Court of Chatham County. (Doc. 18, p. 5.) For the following reasons, the Court **DISMISSES** Plaintiff's Motion. (Id.)

**BACKGROUND**

According to his present Motion, Plaintiff is a "[r]etired [c]ardholding [u]nion member of [Defendant] ILA Local 1414," (hereinafter the "Union"). (Id. at p. 1.) On October 9, 2018, Plaintiff filed a Complaint in the Superior Court of Chatham County against the Union and several other Defendants alleging that Defendants "did knowingly and willfully act and conspire to oppress, injure, and damage" him. (Doc. 1-1, p. 3.) The crux of Plaintiff's Complaint appears to be that Defendants have conspired to deny him L Class Seniority status in the Union. (Id. at pp.

3–4; see also doc. 18, pp. 1–5.) At the time he initiated the action, Plaintiff appears to have been proceeding *pro se*. (Doc. 1-1, p. 4.) The Union and another Defendant removed the action to this Court. (Doc. 1.) After removing the case, multiple Defendants filed a Motion to Dismiss on November 9, 2018. (Doc. 6.) When two months had passed without Plaintiff having filed a response to the Motion to Dismiss, the Court ordered Plaintiff "to file a response either opposing or indicating his lack of opposition to Defendant[s'] Motion to Dismiss within twenty-one (21) days of the date of this Order." (Doc. 14, p. 1 (emphasis omitted).) The Court warned that Plaintiff's failure to respond could result in the Court "dismiss[ing] individual claims or the entire action." (Id. at pp. 1–2.)

Plaintiff did not respond within the twenty-one-day deadline set by the Court. On May 7, 2019—several months after the had deadline passed—the Court dismissed Plaintiff's claims without prejudice for failure to follow the Court's directives and for failure to prosecute. (Doc. 16.) On February 22, 2021—almost two years after the Court dismissed the case—Plaintiff filed the at-issue Motion. (Doc. 18.) In it, he states that "[t]he main reason for [his] lack of response was that [he] suffered an injury on the job (Longshoreman) that required surgery[] and forced [h]im to retire." (Id. at p. 2.) He goes on to state that his injury "[s]everely limit[ed] [h]is access to resources" and also "limit[ed] [h]im to a fixed retirement income." (Id.) Plaintiff concludes by "requesting [that] this Court accept [his] request to reopen and move [sic] to [r]emand the Defendant's Motion to Remove[] the Plaintiff's application for a Temporary Restraining Order back to its original jurisdiction [in] Chatham County Superior Court." (Id. at p. 5 (exhibit citation omitted).)

Plaintiff's Motion is signed by "Orin Lipsey[,] Power of Attorney-in-Fact." (Id.) Included as part of Plaintiff's Motion is a document titled "Limited Power of Attorney," which appears to

2

have been signed by Henry Allen.  (Id. at p. 7.)  It states in part "that I, Henry Allen . . ., the 'Principal', do hereby grant a limited and specific power of attorney to Orin Lipsey . . . as my 'Attorney-in-Fact.'"  (Id.)  The document goes on to state:

> Said Attorney-in-Fact shall have full power and authority to undertake and perform only the following acts on my behalf:
>
> Attorney-in-Fact is not a BAR Attorney and will have the limited [p]ower to advise and govern certain legal matters facing the Principal concerning [h]is former employer.  Attorney-in-Fact has full power to create and [f]ile [f]actual documentation into the [p]ublic record on behalf of the Principal, as well as speak on behalf of the Principal concerning these [l]egal matters.  The Attorney-in-Fact is [i]ndemnified and [h]eld [h]armless as far as any expected outcome by the Principal.  Principal agrees to said [p]ower of [a]ttorney being fairly and justly compensated for services (document creation and research)[.]

(Id.)  The document is also signed by Mr. Lipsey, and an "Acknowledgement of Notary Public" is attached to it.  (Id. at pp. 7–8.)  On March 4, 2021, the Union and another Defendant filed a Response in Opposition to Plaintiff's Motion to Reopen Case.  (Doc. 19; see also doc. 20.)

## DISCUSSION

Before the Court can examine the merits of Plaintiff's Motion, the Court must determine whether it is appropriate to consider the Motion at all given that it was prepared and signed by Mr. Lipsey.  According to the "Limited Power of Attorney" document included with Plaintiff's Motion, Mr. Lipsey is Plaintiff's "Attorney-in-Fact," but "is not a BAR [sic] [a]ttorney," which seems to be a disclosure that Mr. Lipsey does not have a law degree or is not licensed by any state bar, or both. (Doc. 18, p. 7.)  Indeed, Mr. Lipsey does not include a State Bar Number below his signature on the at-issue Motion (in violation of Southern District of Georgia Local Rule 11.1), nor does he provide any other evidence that he is licensed to practice law.  (See id.)  In addition, Mr. Lipsey's name does not appear on the State Bar of Georgia Member Directory.  See State Bar of Georgia, Membership Directory, https://www.gabar.org/membership/membersearch.cfm (last visited June

3

8, 2021).[1]  Accordingly, the Court must determine whether Mr. Lipsey's position as Plaintiff's "attorney-in-fact" alone gives him the ability to represent Plaintiff in this matter even though there is no evidence that he is a licensed attorney.

Under federal law, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  By its own clear terms, this statute limits a plaintiff to either personally handling his own case (i.e., proceeding *pro se*) or being represented "by counsel."  The statute has frequently been applied by district courts to prohibit non-lawyers from representing others in federal court.  See, e.g., DePonceau v. Pataki, 315 F. Supp. 2d 338, 341 (W.D.N.Y 2004) ("[P]laintiffs have no statutory []or constitutional right to be represented in federal court by a non-lawyer."); Lutz v. Lavelle, 809 F. Supp. 323, 325 (M.D. Pa. 1991) ("It is a well[-]established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in a federal court.").

In addition, under Georgia law it is unlawful for any person other than a licensed attorney "[t]o render or furnish legal services or advice" or "[t]o render legal services of any kind in actions or proceedings of any nature."  O.C.G.A. § 15-19-51(a)(4), (6).  The "Limited Power of Attorney" document states that Mr. Lipsey "will have the limited Power to advise and govern certain legal matters facing" Plaintiff, (doc. 18, p. 7), which is in clear violation of Georgia law.  Georgia law has also defined the practice of law to include "[r]epresenting litigants in court and preparing pleadings and other papers incident to any action or special proceedings in any court or other judicial body[,]" id. § 15-19-50(1), and this conduct would clearly encompass Mr. Lipsey's

---

[1] There is only one individual with the last name of "Lipsey" listed in the Georgia Bar Directory, and the address provided for that individual is in Lithia Springs, Georgia, and not Savannah, where the "Limited Power of Attorney" document states that Orin Lipsey is located.  See https://www.gabar.org/MemberSearchDetail.cfm?ID=NDUzNzEw (last visited June 8, 2021).

preparation (and signing) of Plaintiff's at-issue Motion.  Finally, Georgia courts have clarified that even when an individual "was apparently given power of attorney to act as [a party's] attorney in fact, a power of attorney does not confer upon a layman the right to practice law."  In re Estate Wheeler, 824 S.E.2d 715, 717 (Ga. Ct. App. 2019).  Our sister district courts and other federal courts within this State have found that this prohibition extends to cases pending in federal court.  See, e.g., Jacox v. Dep't of Def., No. 5:06-cv-182 (HL), 2007 WL 118102, at *2 (M.D. Ga. Jan. 10, 2007) ("[A] power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law."); In re The Colony Place Co., No. 88-10819, 1989 WL 1113440, at *1 (Bankr. S.D. Ga. Sept. 15, 1989) ("These required services by definition constitute the practice of law which services by definition are beyond the ability of an attorney in fact.").  Thus, even assuming that Mr. Lipsey is indeed Plaintiff's attorney in fact, he still cannot represent Plaintiff in this matter.

"Every . . . written motion . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a); see also Hanford v. Mortg. Elec. Registration Sys., No. 1:10-CV-1004-WBH-AJB, 2010 WL 11647506, at *2 (N.D. Ga. Apr. 12, 2010) ("Since Duhart is neither a plaintiff nor an attorney, the IFP application does not comply with Fed. R. Civ. P. 11(a) and is void."); Umstead v. Chase Manhattan Mortg. Corp., No. 7:04-CV-00747, 2005 WL 2233554, at *2 (W.D. Va. Sept. 13, 2005) ("It follows from the rule prohibiting lay representation that any pleadings filed through lay representation must be disregarded as a nullity.").  Accordingly. Plaintiff's Motion is null and void and must be dismissed.[2]  (Doc. 18.)

---

[2] Even if the Court considered Plaintiff's Motion, it would fail on the merits.  Although not formally styled as a Rule 60 motion, Plaintiff "is requesting this Court accept [his] request to reopen" the case almost two years after the Court entered a dismissal order and judgment, (doc. 18, p. 5), which can only be accomplished through Federal Rule of Civil Procedure 60.  See Fed. R. Civ. P. Rule 60(b) ("On motion and

5

**CONCLUSION**

In light of the foregoing, the Court **DISMISSES** Plaintiff's Petition to Remand Temporary Restraining Order Back to Original Jurisdiction. (Doc. 18.) This case shall remain **CLOSED**. Additionally, given Mr. Orin Lipsey's above-discussed actions in this case, the Clerk of Court shall forward a copy of this Order to: The Unlicensed Practice of Law Department, State Bar of Georgia, 104 Marietta St. NW, Suite 100 Atlanta, GA 30303.

**SO ORDERED**, this 14th day of June, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ."). Rule 60(b) permits the Court to relieve a party from a final judgment for several reasons. See id. at 60(b)(1)–(6). Plaintiff does not specify a subpart of Rule 60(b) that he believes applies to the facts of his case. However, he does argue that his failure to prosecute this action was caused by "an injury on the job . . . that required surgery[] and forced [h]im to retire." (Doc. 18, p. 2.) He also states that this injury "limit[ed] [h]is access to resources." (Id.) When a party provides a health reason in support of a Rule 60 motion, district courts normally analyze the motion under Rule 60(b)(1), which allows for relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. Rule 60(b)(1); see, e.g., United States v. Kroll, No. 4:20-cv-28 (CDL), 2021 WL 848183, at *1 (M.D. Ga. Mar. 3, 2021) (party argued that he failed to respond because he contracted COVID-19 and the court found "that his argument [was] properly characterized as excusable neglect under Rule 60(b)(1)."); Brown v. Devos, No. 2:20-cv-286-FtM-38MRM, 2020 WL 5892017, at *1 (M.D. Fla. Oct. 5, 2020) ("Typically, [i]llness, by itself, will not support a finding of excusable neglect.") (internal quotation and citations omitted); Abbey v. Mercedes-Benz of N. Am., Inc., No. 04-80136-CIV, 2007 WL 879581, at *1 (S.D. Fla. Mar. 20, 2007) ("Nevertheless, illness alone is not a sufficient basis for setting aside a judgment under the first subdivision of this rule.") (internal quotations and citation omitted). "The Federal Rules of Civil Procedure are clear that a 60(b)(1) motion must be made within one year of judgment." Lender v. Unum Life Ins. Co. of Am., Inc., 519 F. Supp. 2d 1217, 1223 (M.D. Fla. 2007). Here, the Court entered judgment on May 10, 2019, (doc. 17), and Plaintiff filed his Motion more than twenty-one months later, on February 22, 2021, (doc. 18). Accordingly, based on the facts presently before the Court, Plaintiff's Motion would fail even if it had been submitted by a licensed attorney or Plaintiff acting *pro se*.